UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Michael Lemberger,
        Plaintiff,

vs.                                                                                      09-3132

Anderson Freeman, et al.,
        Defendants.

ORDER

      The plaintiff is a civil detainee housed in the Rushville Treatment and Detention Center ("Rushville") for sexually violent persons.  The plaintiff names staff members of the Detention Center as defendants.

      A merit review was held on the plaintiff's complaint on July 21, 2009.  The plaintiff claims he filed a grievance on 4/18/09 wherein he alleged that "this Facility" (DHS Rushville) and some of its staff were retaliating against him because he is Jewish and he complained about Christmas and Halloween decorations in the group rooms and complained about anti-Semitic comments from staff and residents.  The plaintiff says that STA Kemp told a joke and STA Goddard was standing next to them.  The joke: "Did you hear about the new Volkswagon?  It seats 12, 4 in the seat and 6 in the ash tray."  Here's the plaintiff's claim: The plaintiff says "in short, the staff, both clinical and security, have made my life unbearable and have treated me with great disrespect."  The plaintiff states that each and every person [named] in this lawsuit played a part in the humiliation.  For relief, he seeks "relief from the humiliation, disrespect ...."  He says the unprofessional manner in which he has been treated and the anti-Semitism that he has been subjected to has caused him mental stress and anguish.  During the merit review conference he stated that in response to his statement "all you rednecks ain't gonna do nothing," a staff member retaliated by making a derogatory remark about the plaintiff being Jewish.  The plaintiff wants $26 million and injunctive relief so that no person has to go through the things he has had to go through from "allegedly  trained professionals so that the abuse is stopped and this sort of thing is abusive."

      The allegations are frivolous. They lack arguable basis in the law.  As this lawsuit is frivolous, it is dismissed in its entirety pursuant to 28 U.S.C. §1915A and Fed. R. Civ. Pro. Rule 12(b)(6).  The alleged behavior was unprofessional and the remarks are deplorable.  However,

these actions do not arise to the level of a constitutional violation. *Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)(citations omitted)("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). The plaintiff alleges that the defendants taunted him because he is Jewish and he complained about decorations and about comments from staff and residents. He even used the *magic* word retaliation during his merit review. It is true that conduct that does not independently violate the Constitution can become actionable if done in retaliation for the exercise of a constitutional right. But *de minimis* misconduct is not actionable. The retaliation must be sufficiently serious to be actionable—adverse enough to deter a person of "ordinary firmness". *Bridges v. Gilbert,* 557 F.3d 541, 552 (7th Cir. 2009), 557 F.3d at 552.

In 07-3128, another case filed the plaintiff, the court noted in its July 9, 2009 order that this plaintiff had filed five cases in this district since May 2007. He voluntarily dismissed two (one after costs of service were incurred and the defendants filed a motion to dismiss). At that time, he also had two cases pending that appear to involve the accommodation of his religious rights while in Rushville. The court stated that five cases in a year is not exorbitant, but it is enough out of the norm to suggest that the plaintiff is not conducting a cost-benefit analysis of whether his case is "worth it." He certainly did not do so in this case, his seventh case. The plaintiff filed a case, 09-3072, on March 29, 2009 alleging an employee's made comments to him that made him feel disrespected, threatened and offended. This plaintiff has earned the title of serial litigator.

It is therefore ordered:

1. As this lawsuit is frivolous, it is dismissed in its entirety pursuant to 28 U.S.C. §1915A and Fed. R. Civ. Pro. Rule 12(b)(6).

2. The clerk of the court is directed to terminate this lawsuit its entirety, forthwith. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he is advised the Seventh Circuit Court of Appeal may hold him liable for the $455 filing fee.

Enter this 31st Day of December , 2009.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE